**UNITED STATES of America**
**v.**
**Warren F. BUSBY.**
**Crim. A. No. 458–54.**

United States District Court,
District of Columbia.
Dec. 17, 1954.

Frederick Smithson, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Foster Wood, Washington, D. C., for defendant.

TAMM, Judge.

Defendant filed a motion to suppress certain evidence (marihuana) seized by ·police officers from his hotel room. The following facts appeared from the hearing on the motion.

Around 1:30 in the afternoon, the defendant Busby was accosted on the street by two members of the narcotic ·squad of the metropolitan police department who knew the defendant as a drug addict. Busby "consented" to a search of his person, although he denied having any marihuana. Finding marihuana in defendant's coat pocket, the officers arrested him and took him to the narcotic squad office where he was questioned. Some time between his arrival at the squad office and 3:30 p. m. of the same afternoon, Busby admitted that he had more marihuana hidden in his hotel room and gave the officers permission to search the room, signing a statement to this effect before the United States Commissioner who then issued a search warrant for the defendant's hotel room.

▮▮▮▮ In the Judd case, the Court of Appeals determined that consent to a search must be freely and intelligently given, and it must be shown that there was no duress or coercion, actual or implied.[1] Where, as here, the defendant, a former narcotic violator, denies his guilt but at the same time "consents" to a search he is well aware will result in discovery of contraband, this is consent only under compulsion.[2] Nor, under these circumstances is there probable cause for arrest in the belief that a felony has been or is being committed. Thus, both the arrest and search of the defendant's person were illegal.

The question remaining is whether the statement made by the defendant at the office of the narcotic squad and before the United States Commissioner was voluntary, and if so, whether such voluntary statement made while under illegal arrest may be used to provide probable cause for the issuance of a search warrant. In effect, the question is whether the defendant while under an illegal arrest truly consented to the search of his hotel room.

▮▮▮▮ The Court finds the consent valid. While it does not appear why the defendant offered the information, it does appear that he offered it free of duress or coercion. On direct examination, Busby denied making any statement or knowing of the search of his room. On cross-examination, however, he admitted signing a voluntary state-

1. Judd v. U. S., 89 U.S.App.D.C. 64, 190 F.2d 649.

2. Higgins v. U. S., 93 U.S.App.D.C. 340, 209 F.2d 819.

ment before the United States Commissioner. He appeared before the Commissioner within two hours after his arrest, and nowhere does he allege that he was mistreated or coerced into making the statement. "If a valid confession precedes a search by police, permission may show true consent to the search."[3] Although when the defendant made his statement "he was under an illegal arrest, we think that fact does not require the rejection of evidence volunteered by him for reasons sufficient to himself and made without force or compulsion or promise of reward."[4]

Defendant's motion to suppress will be denied.

---

3. Higgins v. U. S., supra, 209 F.2d at page 820.

4. Gibson v. U. S., 80 U.S.App.D.C. 81, 84; 149 F.2d 381, 384.